**Pulvers, Pulvers & Thompson, LLP**
Counselors at Law

950 Third Avenue, 11th Floor, New York, NY 10022
(T) 212-355-8000 (F) 212-355-9000

October 28, 2021

**VIA ECF FILING**

United States Magistrate Judge Anne Y. Shields
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: **Barreno v. Greenberg**
        **US District Court/Eastern District of New York**
        **Case No. CV 21-2913(GRB) (AYS)**

**PARTIES' JOINT LETTER**

  The Parties jointly file this letter with the Court and hereby notify the Court that the above-referenced matter has been settled with a settlement agreement being executed by both parties. Settlement Agreement is annexed hereto as Exhibit 'A'.

  The parties request the Honorable Court's approval of said settlement agreement as well as request the Court to order the matter discontinued with prejudice.

         **Pulvers, Pulvers & Thompson LLP**

         _____-S-_____
         **Marc R. Thompson, Esq.**
         **MThompson@pulversthompson.com**
         **Counsel for Defendant**


         **Harrison, Harrison & Associates, Ltd.**

         _____-S-_____
         **David Harrison, Esq.**
         **dharrison@nynjemploymentlaw.com**
         **Counsel for Plaintiff**

# Exhibit 'A'

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of all claims (hereinafter "Agreement") is made and entered into by and between Plaintiff ANGELINA BARRENO (hereinafter referred to as "Plaintiff"), and LORI FALCO GREENBERG (hereinafter referred to as "Defendant"); and

**WHEREAS**, on May 24, 2021, Plaintiff filed, in the United States District Court for the Eastern District of New York, a complaint in an action entitled *Angelina Barreno v. Lori Falco Greenberg*, Civil Action No. 21-CV-2913 (GRB)(AYS), asserting violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and

**WHEREAS**, Plaintiff' counsel and Defendant' counsel have had settlement discussions and Defendant expressed a desire to fully and finally resolve and settle in full all claims that Plaintiff had, or may have, against Defendant.

**WHEREAS**, Plaintiff and Defendant have agreed to settle this case in exchange for a payment in the amount of twenty five thousand dollars ($25,000.00); and

**WHEREAS**, Plaintiff represent that with this payment, Plaintiff will have been paid all outstanding wages that she may have been owed, arising out of, or connected with, her employment with Defendant, and

**NOW, THEREFORE,** Plaintiff and Defendant, in consideration of the promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

    1.    <u>No Admission of Liability</u>:  By entering into this Agreement, Defendant and Plaintiff do not in any way admit liability or wrongdoing toward one another or anyone else, either implicitly or explicitly.  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by

under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiff has asserted or could have asserted in connection with her employment with Defendant.

  2. <u>Consideration</u>:

  a. In consideration for Plaintiff entering into this Agreement and in full and complete satisfaction of her claims against Defendant, Defendant agrees to pay Plaintiff a settlement payment, the gross amount of which shall twenty five thousand dollars ($25,000.00) (the "Settlement Payment"). The Settlement Payment shall be wired into Plaintiff' counsel's escrow account <u>or</u> delivered via <u>checks</u> (payable to "Harrison Harrison & Associates") sent via <u>overnight mail</u> to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, NJ 07701 – based on the following schedule:

  b. Five (5) monthly payments of $5,000.00, starting within three (3) days of Plaintiff's execution of this Agreement. Each of the four subsequent monthly payments of $5,000.00 each will be due thirty days thereafter, i.e. 33, 63, 93, and 123 days from the day that Plaintiff signs this Agreement.

  c. Upon his receipt of the funds/check(s), Plaintiff's counsel shall hold same in his escrow account – and shall not release any funds/check(s) to Plaintiff - until the Court approves the parties' settlement or this case is otherwise closed.

  3.<u>Voluntary Dismissal with Prejudice</u>:

  a. Plaintiff hereby authorizes and direct her attorneys to dismiss the action with prejudice.

  b. Plaintiff' counsel shall deliver to Defendant's counsel, for Defendant' counsel to file with the Court, a stipulation of dismissal dismissing this case.

  4.<u>Release by Plaintiff</u>

a. In consideration of the promises, payments and actions of Defendant set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, waives, relinquishes, and discharges Defendant – along with Harold Greenberg and Slope Development Realty Corp. - from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands, concerning wage and hour matters, including, but not limited to, any and all wage and hour claims, arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, and unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, and reimbursements, during Plaintiff' employment with Defendant. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and it does not release or discharge any claims that may occur after that date.  Defendant reciprocally releases Plaintiff from any and all liabilities, debts, claims and causes of action whatsoever, from the beginning of the world through the date of the execution of this Agreement.

5. <u>Agreement Not to Publicize</u>:  Plaintiff agrees that she will not publicly publicize the terms of this Agreement in the print media or on social media.

6. <u>Non Disparagement</u>:  Plaintiff and Defendant agree that neither will disparage or harass, directly or through any other person, orally or in print/social media, nor will either of them cause any other person to disparage or harass, the other.

3

7. <u>Applicable Law</u>: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

8. <u>Enforceability</u>: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

9. <u>Interpretation of Agreement</u>: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

10. <u>Headings</u>: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

11. <u>Voluntary Agreement</u>: Plaintiff agrees and affirm that:

    a. She has carefully read and fully understand all of the provisions of this Agreement;

    b. She was hereby advised and is advised to consider carefully the terms of this Agreement and consult with her attorney prior to executing this Agreement;

    c. She has been given a reasonable time to consider her rights and obligations under this Agreement and to consult with an attorney before executing it;

    d. She has consulted with their attorney of choice before executing this Agreement;

    e. This Agreement is legally binding, and by signing it, she understands that she is giving up certain rights, including her right to pursue the claims raised in the Complaint;

    f. No promise or representation of any kind or character has been made by Defendant or by anyone acting on her behalf to induce this Agreement, and that Plaintiff has not been forced or pressured in any way to sign this Agreement;

    g. Plaintiff is, through this Agreement, releasing Defendant and the releasees from any and all wage and hour claims that she may have against any of them in exchange for the payment described herein, inclusive of costs and attorneys fees;

    h. Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

  12. <u>No Other Representations or Agreements</u>:  Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.  There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.  This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

  13. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

DocuSign Envelope ID: 2181F833-D0F0-4BF3-9B9E-7CA86A880F04

14. <u>Execution In Counterpart</u>: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: 10/25/2021, 2021

ANGELINA BARRENO

Date: Oct 28, 2021

LORI FALCO GREENBERG

6